**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-20007 |
| TANAE STEPHENS, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Tanae Stephens is currently serving a 78-month prison sentence. Her case is before the court on two nearly-identical motions she filed, both entitled Motion for Reduction of Sentence/Correct Criminal History Points (Docs. 107 & 110). For the reasons discussed below, these motions are denied.

**BACKGROUND**

In 2007, Ms. Stephens pleaded guilty to conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base. The Presentence Investigation Report (PSR) filed with the court identified as relevant conduct 60.31 grams of cocaine base. Ms. Stephens's base offense level was 30, and after considering her acceptance of responsibility, the total offense level was 27.

To determine Ms. Stephens's criminal history, the PSR assessed three points for prior convictions for felony criminal damage to property, possession of a false identification card and being a person under twenty-one in a bar, and assault. These prior convictions placed Ms. Stephens in criminal history category II.

Ms. Stephens did not object to the calculations of relevant conduct or criminal history. On December 10, 2007, Ms. Stephens was sentenced to 78 months in prison followed by three years of supervised release. She now argues that her criminal history category points were calculated improperly.

## DISCUSSION

Ms. Stephens requests that this court reduce her sentence and correct her criminal history points based on Amendment 709 to the sentencing guidelines, which took effect on November 1, 2007, before she was sentenced. The relevant provision of Amendment 709 changed the wording of § 4A1.2(c) of the sentencing guidelines. Section 4A1.2 provides definitions and instructions for calculating criminal history points. It provides that all prior felony offenses are counted toward a defendant's criminal history category. U.S.S.G. § 4A1.2(c). Additionally,

> [s]entences for misdemeanor and petty offenses are counted, except as follows: (1) Sentences for the following prior offenses and offenses similar to them . . . are counted only if . . . the sentence was a term of probation of ***more than*** one year or a term of imprisonment of at least thirty days . . . .

*Id.* (emphasis added).  Amendment 709 inserted the bold language above and deleted the previous wording that said "term of probation of *at least* one year."  U.S.S.G. app. C Supp. Amend. 709 (emphasis added).  Ms. Stephens argues that under § 4A1.2(c) as amended, she should not have received criminal history points for the three prior convictions included in the PSR.

**I.      Waiver**

Ms. Stephens's plea agreement included a waiver of appeal or collateral attack.  Specifically, Ms. Stephens

> waives any right to challenge her conviction and/or sentence or otherwise attempt to modify or change her sentence or the manner which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255], a motion brought under [18 U.S.C. § 3582(c)(2),] and a motion brought under Fed. Rule of Civ. Pro 60(b).

Ms. Stephens's motion provides no reason why that waiver should not now be enforced.  *See, e.g.*, *United States v. Cockerham*, 237 F.3d 1179, 1181-82 (10th Cir. 2001) (concluding that a waiver of the right to appeal and to collaterally attack a judgment or sentence are valid and enforceable).

**II.     Merits**

Even assuming this court were willing to allow Ms. Stephens's motion to reduce her sentence, she would not be successful.  The plain language of § 4A1.2(c)(1) makes it clear that her current challenges to the calculation of her criminal history points are meritless.

3

As noted, § 4A1.2(c) excludes from the calculation a specified list of offenses depending on the precise sentence the defendant received.  Ms. Stephens argues that the three convictions for which she received criminal history points should not have been counted.  At issue are the following convictions: felony criminal damage to property, for which Ms. Stephens received six months probation; possession of a false identification card and being a person under twenty-one in a bar, for which Ms. Stephens was fined $100 on each count; and assault, for which Ms. Stephens was fined $50.

The general rule of § 4A1.2(c) is that convictions for misdemeanor and petty offenses are counted for purposes of calculating a defendant's criminal history category.  Section 4A1.2(c)(1) provides an exception: the specific offenses listed in § 4A1.2(c)(1) and offenses similar to them are only counted if, as relevant here, the sentence was a term of probation for more than one year.  The offenses listed include: careless or reckless driving, contempt of court, disorderly conduct or disturbing the peace, driving without a license or with a revoked or suspended license, false information to a police officer, gambling, hindering or failure to obey a police officer, insufficient funds check, leaving the scene of an accident, non-support, prostitution, resisting arrest, and trespassing.  § 4A.12(c)(1).

The three points for prior convictions Ms. Stephens is challenging do not come from any one of these offenses.  As such, they were properly counted toward her criminal history category.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motions for reduction of sentence (Doc. 107 & 110) are denied.

**IT IS SO ORDERED** this 26th day of November, 2008.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge