# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-20007 |
| TANAE STEPHENS, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Tanae Stephens is currently serving a 78-month prison sentence. Her case is before the court on a Motion for Reduction of Sentence (Doc. 123), but for the reasons discussed below, this motion is denied.

### I.   Background

In 2007, Ms. Stephens pleaded guilty to conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base. The Presentence Investigation Report (PSR) filed with the court identified as relevant conduct 60.31 grams of cocaine base. Ms. Stephens's base offense level was 30, and after considering her acceptance of responsibility, the total offense level was 27. Prior convictions placed Ms. Stephens in criminal history category II. Ms. Stephens did not object to the calculations of relevant conduct or criminal history. On December

10, 2007, Ms. Stephens was sentenced to 78 months in prison followed by three years of supervised release.

## II.     Discussion

Ms. Stephens suggests that her sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

She requests that this court reduce her sentence based on "Amendment Nine" to the sentencing guidelines.  It appears, however, that she is referring to Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1.  U.S.S.G. app. C Supp. Amend. 706.

*A.     Waiver*

Ms. Stephens's plea agreement included a waiver of appeal or collateral attack.  Specifically, Ms. Stephens

> waives any right to challenge her conviction and/or sentence or otherwise attempt to modify or change her sentence or the manner which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255], a motion brought under [18 U.S.C. § 3582(c)(2),] and a motion brought under Fed. Rule of Civ. Pro 60(b).

Ms. Stephens's motion provides no reason why that waiver should not now be enforced.  *See, e.g.*, *United States v. Cockerham*, 237 F.3d 1179, 1181-82 (10th Cir.

2001) (concluding that a waiver of the right to appeal and to collaterally attack a judgment or sentence are valid and enforceable).

   *B.   Merits*

Even assuming this court were willing to allow Ms. Stephens's motion to reduce her sentence, she would not be successful. Amendment 706 took effect on November 1, 2007, before Ms. Stephens was sentenced. As such, she has already received the benefit of the reduced offense level for cocaine base offenses.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for reduction of sentence (Doc. 123) is denied.

**IT IS SO ORDERED** this 6th day of April, 2009.

                              s/ John W. Lungstrum
                              John W. Lungstrum
                              United States District Judge