IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                              Case No. 07-20007-JWL

**Tanae M. Stephens,**

    **Defendant.**

## MEMORANDUM AND ORDER

In 2007, defendant Tanae Stephens pleaded guilty to conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base. On December 10, 2007, defendant was sentenced to 78 months in prison followed by three years of supervised release. This matter is presently before the court on defendant's motion for expungement of her federal conviction.[1]

Before turning to the merits of defendant's motion, the court addresses one procedural issue. After receiving defendant's motion for expungement, the court issued an order directing the government to file a response to the motion on or before April 14, 2021. That deadline passed and the government did not file a response to the motion or otherwise contact the court about the motion. The court then issued a show cause order requiring the government to show good cause why it had not responded to defendant's motion as ordered by the court. The government filed a

---

[1] Defendant's pro se filing references the Kansas state expungement statute, but because the substance of the filing indicates that defendant seeks to have her federal conviction expunged, the court has construed the motion as a motion for expungement of her federal conviction.

timely response to the court's order in which it asserts that counsel missed the deadline due to oversight and an excessive workload. The government's response does not establish good cause and the court will consider the merits of defendant's motion without reference to the government's response. *See Putnam v. Morri*s, 833 F.2d 903, 905 (10th Cir. 1987) (simple inadvertence or mistake of counsel usually does not suffice to establish good cause).

In the context of a motion to expunge records of criminal convictions, the Tenth Circuit has held that "the motion must allege that the conviction is legally infirm or was secured through improper government conduct." *United States v. Trzaska*, 781 Fed. Appx. 697, 700-01 (10th Cir. July 11, 2019) (citing *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993)).[2] In *Pinto*, the Circuit held that when the motion for expungement fails to include an allegation that the conviction was somehow invalid, the motion is insufficient as a matter of law and should be denied on that basis. *Pinto*, 1 F.3d at 1071. Here, defendant has not alleged that the conviction was in any way improper. Accordingly, the motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for expungement of conviction (doc. 178) is **denied.**

**IT IS SO ORDERED.**

---

[2] The only statutory authority to expunge convictions is found at 18 U.S.C. § 3607(c), which provides for expungement only for a first-time drug offender found guilty of simple possession under 21 U.S.C § 844 who is under the age of twenty-one at the time of the offense and who successfully completes a pre-judgment probation period such that a judgment of conviction is never entered. Thus, there is no statutory authority for the court to order expungement of defendant's conviction.

Dated this 15th day of June, 2021, at Kansas City, Kansas.

                                                    *s/ John W. Lungstrum*
                                                    John W. Lungstrum
                                                    United States District Judge